**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| FARAHNAZ KOUSHA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS A. COLLINS, STEPHANIE DAVIS, MD, CARRIE POHL, MD, ANTHONY KLOPFER, JOSEPH McDONNELL, MD, and MOLLY VAN-PETTEN, MD,<br><br>Defendants. | ) | Case No. 2026-cv-04085-JMK/ADM |

**UNOPPOSED MOTION TO STAY PROCEEDINGS**

Defendant United States of America, by and through Ryan A. Kriegshauser, United States Attorney for the District of Kansas, and Thomas E. Beall, Assistant United States Attorney, on behalf of all Defendants, submits this motion to stay discovery and Rule 26 deadlines until the motion to dismiss (Doc. 6) is decided. If the motion is granted, it would fully resolve this case. In support of the motion, Defendants advise the following:

## I. Nature and Status of the Case

Plaintiff originally filed this employment discrimination and wrongful termination action in Shawnee County, Kansas on July 1, 2026. Defendants removed the action to this Court on August 10, 2026. Plaintiff alleges in her underlying administrative complaint that she was wrongfully terminated and discriminated against and seeks compensation for her work, in addition to emotional damages.

The Magistrate Judge issued the Initial Order Regarding Planning and Scheduling on August 11, 2026 (Doc. 5). The Order requires the Parties to confer by September 11, 2026, directs

that initial disclosures and the proposed scheduling order by submitted by September 21, 2026, and that the Zoom scheduling conference will be held on October 1, 2026, at 11:30 a.m. Defendants seek to stay the deadlines and discovery until the motion to dismiss is decided.

## II. Legal Standard

The power to stay proceedings is part of the Court's inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Pipeline Prod., Inc. v. Horsepower Entrmt.*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court." *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-cv-2065-DDC-TJJ, 2021 WL 1108684, at *1 (D. Kan. Mar. 23, 2021) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (stating that the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket").

Although the longstanding and general policy of this district is to proceed with discovery despite pending dispositive motions, there are recognized exceptions to this general rule. *Tennant v. Miller*, No. 13-2143-EFM, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013). A stay pending a ruling on a dispositive motion may be appropriate if: (1) "the case is likely to be finally concluded as a result of the ruling thereon," (2) "the facts sought through uncompleted discovery would not affect the resolution of the motion," (3) "discovery on all issues of the broad complaint would be wasteful and burdensome," or (4) the dispositive motion raises issues as to Defendant's immunity from suit. *Shophar v. Johnson Cnty., Kan.*, No. 20-CV-2280-EFM-TJJ, 2020 WL 5408124, at *1 (D. Kan. Sept. 9, 2020); *Citizens for Objective Public Educ. Inc. v. Kan. Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, at *1 (D. Kan. Dec. 19, 2013). If at least one of these factors is

present, a stay may be appropriate. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994); *Gragg v. Maximus, K.C.*, No. 22-cv-2292-JWB-TJJ, 2022 WL 10426365, at *2 (D. Kan. Oct. 18, 2022). "The proponent of a stay bears the burden of establishing its need." *Clinton*, 520 at 708.

**III. Argument**

Two of the four situations in which Courts in this jurisdiction exercise their discretion to stay proceedings exist in this case. First, should Judge Kuhlman find this Court does not have jurisdiction under the derivative jurisdiction doctrine, the matter will be dismissed. Second, any facts sought in discovery would not affect the ruling on the pending motion, specifically as it relates to Defendants' argument regarding Plaintiff's failure to timely exhaust her administrative remedies. The requested stay will ultimately allow this action to proceed in an orderly fashion and would conserve time and expense for the Court and the parties. *Escalante v. 10th Judicial District, Johnon County, Kansas District Court,* No. 24-cv-2235-TC-TJJ, 2024 WL 3771776, at *2 (D. Kan. 2024).

Counsel for Defendants conferred, via telephone and email, with Plaintiff regarding the relief requested herein, and Plaintiff does not oppose the motion to stay.

**IV. Conclusion**

Defendants respectfully move the Court to enter an order staying the Rule 26 deadlines and all other deadlines that are related to discovery pending a ruling on Defendants' motion to dismiss.

Respectfully submitted,

RYAN A. KRIEGSHAUSER
United States Attorney
District of Kansas

/s/ *Thomas E. Beall*
Thomas E. Beall, #19929
Assistant United States Attorney
Federal Building, Suite 290
444 SE Quincy Street
Topeka, KS 66683
T: (785) 295-2850 | F: (785) 295-2853
Email: thomas.beall@usdoj.gov
*Attorney for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2026, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all registered parties. I further certify that I caused a copy of the foregoing document and the notice of electronic file to be placed in the United States Mail, postage prepaid, addressed to the following non-CM/ECF participant:

Farahnaz Kousha
15450 England Street
Overland Park, Kansas 66221

*Pro Se Plaintiff*

/s/ *Thomas E. Beall*
Thomas E. Beall
Assistant United States Attorney